```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII
```

| | | |
|---|---|---|
| SANDRA LEE DEMORUELLE and<br>JASON LOUIS DEMORUELLE,<br><br>      Plaintiffs,<br><br>  vs.<br><br>WAYNE L. PFEFFER, BRANDON<br>YAMAMOTO, DAVID PANGELINAN,<br>LEWIS JOYNER, TONIA BAGBY,<br>ROBERT McDONALD, KATY SHEBESH<br>and SHEILA CULLENS,<br><br>      Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL 14-00547 LEK-BMK |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS;
DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS
<u>MOOT; AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE</u>**

On March 9, 2015, pro se Plaintiffs Sandra Lee Demoruelle ("Ms. Demoruelle") and Joseph Louis Demoruelle ("Mr. Demoruelle," collectively "Plaintiffs") filed their Motion for Summary Judgment ("Plaintiffs' Motion").[1]  [Dkt. no. 33.]  On April 14, 2015, Defendants Wayne L. Pfeffer, Brandon Yamamoto,

---

[1] Along with their motion, Plaintiffs also filed their: Separate Concise Statement of Facts in Support of Plaintiffs' Motion for Summary Judgment ("Pltfs.' CSOF"), attaching multiple exhibits; [filed 3/10/15 (dkt. no. 35);] Memorandum in Support of Plaintiffs' Motion for Summary Judgment; [filed 3/10/15 (dkt. no. 36);] and Affidavit of Document Authenticity of Exhibits Filed in Support of Plaintiffs' Motion for Summary Judgment [filed 3/18/15 (dkt. no. 37)].  The latter most document, executed under penalty of perjury by Plaintiffs, attests that Plaintiffs have the requisite personal knowledge to authenticate the exhibits attached to their CSOF.  Plaintiffs also filed numerous other documents, which appear to relate to trial and a motion for an extension of time filed by Defendants, and so the Court does not here consider them.  <u>See, e.g.</u>, dkt. nos. 38, 39, 42, 43, 44, 46.

David Pangelinan, Lewis Joyner, Tonia Bagby, Robert McDonald, Katy Shebesh, and Sheila Cullens (collectively "Defendants") filed their Motion to Dismiss ("Defendants' Motion," collectively "Motions"). [Dkt. no. 47.] Attached to their motion, Defendants filed an omnibus Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and in Opposition to Plaintiff's Motion for Summary Judgment.[2] [Dkt. no. 47-1.] On April 17, 2015, Plaintiffs filed their Response to Defendants [sic] Motion to Dismiss ("Plaintiffs' Memorandum in Opposition") and, on April 27, 2015, they filed their Reply in Support of their Motion for Summary Judgment ("Plaintiffs' Reply").[3] [Dkt.

---

[2] The Court will refer to this document simply as "Defendants' Memorandum." Defendants also filed their Response to Plaintiffs' CSOF ("Defs.' CSOF"). [Filed 4/14/15 (dkt. no. 48).]

[3] Plaintiffs also filed their: "Supplemental Brief: Plaintiffs' Response to Defendants[;]" [dkt. no. 51 (filed 4/17/15);] Table of Authorities; [dkt. no. 52 (filed 4/20/15);] Supplemental Brief to Plaintiffs' Reply in Support of their Motion for Summary Judgment; [dkt. no. 54 (filed 4/27/15);] and Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Defendants for Lack of Jurisdiction Pursuant to Fed. R. Civ. 12(b)(6) [dkt. no. 55 (filed 4/27/15)]. Pursuant to Rule LR7.4 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules") the Court does not consider these additional materials since Plaintiffs did not move the Court for leave to file them. See Local Rule LR7.4 ("No further or supplemental briefing shall be submitted without leave of court."). Although Plaintiffs are proceeding pro se, and this Court will construe their filings "liberally," see Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012), normal court rules and procedures still apply to them. See Solis v. McKessen, 465 F. App'x 709, 710 (9th Cir. 2012) ("'Pro se litigants must follow the same rules of procedure that govern other litigants.'"
(continued...)

nos. 50, 53.]

The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule LR7.2(d).  After careful consideration of the Motions, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED and Plaintiffs' Motion is HEREBY DENIED AS MOOT for the reasons set forth below.

## BACKGROUND

On February 17, 2015, Plaintiffs filed their Amended Complaint ("Complaint").  [Dkt. no. 23.]  This lawsuit is an attempt to collect twenty-five years' worth of medical-related travel reimbursements purportedly owed to Plaintiffs by the Department of Veterans Affairs ("the VA") for Mr. Demoruelle's treatment, and to require oversight related to reimbursement requests in general.

It is undisputed that, since 1989, Mr. Demoruelle has been awarded a permanent, 100% service-connected disability rating, following a decision by the Board of Veterans Appeals ("BVA").  For the past twenty-five years, he has been eligible for medical-related travel reimbursement ("beneficiary travel") for mileage between his home and the VA medical facility in Hilo

---

    [3](...continued)
(quoting King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987))).
Even if the Court did consider all of Plaintiffs' filings, the
Court's rulings on the Motions would remain the same.

("Hilo Facility"), which is roughly 150 miles round trip. [Pltfs.' CSOF at ¶ 1; Defs.' CSOF at p. 2 (admitting ¶ 1).] Plaintiffs allege that, over the ensuing years, Mr. Demoruelle orally requested reimbursement at the Hilo Facility, but he was misinformed that reimbursement was only available for trips to the VA facility in Honolulu, and he was never provided with forms or information necessary to apply for beneficiary travel. [Complaint at ¶¶ 7-12.]

On June 17, 2014, Ms. Demoruelle accompanied Mr. Demoruelle to the Hilo Facility and presented completed VA Forms 10-3542 for reimbursement, and within days received reimbursement. [Id. at ¶¶ 13-15.] Thereafter, she submitted multiple reimbursement forms, including for 2014-2015, many of which appear to have been honored. See, e.g., id. at ¶ 37; Defs.' Mem., Decl. of David Pangelinan ("Pangelinan Decl.") at ¶ 5. However, not all were, including the one for reimbursement for travel prior to 2014. [Complaint at ¶¶ 37-40; Pangelinan Decl. at ¶¶ 5, 8-9.] In an October 20, 2014 letter, Defendant Pfeffer, Director of the VA, Pacific Islands Health Care System, advised Senator Mazie K. Hirono that Plaintiffs' "[m]ileage claim reimbursements for the period of 1989 - 2013 will not be processed for payment because they do not meet the criteria for filing within 30 days." [Pltfs.' CSOF, Exh. 2 ("Hirono Letter").] Plaintiffs allege that this was a final denial letter

4

that closed their case as to those reimbursements, and they had no wherewithal to appeal it. See, e.g., Complaint at ¶¶ 28-31.

Plaintiffs further allege that: this was the "last straw" for Ms. Demoruelle; [id. at ¶¶ 34;] thereafter she exhausted administrative procedures; [id. at ¶¶ 44-45;] and Plaintiffs brought the present lawsuit against multiple VA employees in their personal capacities for disregarding VA policy and procedures in denying their requests, thereby violating Plaintiffs' constitutional due process rights, see, e.g., id. at ¶¶ 46-47, 53-56, 79-83. The Complaint seeks the following remedies: judicial oversight over beneficiary travel to "implement administrative compliance with Due Process[;]" an order requiring "training throughout [the VA] to improve delivery of services[;]" judicial oversight to "provide professional guidance to Hawaii Veterans/Caregivers[;]" general, specific, and punitive damages; attorneys' fees and costs; and all other appropriate relief. [Id. at pgs. 21-22.]

## DISCUSSION

At the heart of this matter, Plaintiffs' claim is an appeal of the denial of Mr. Demoruelle's benefits and an attempt to force VA employees to improve their support of veterans and their caregivers in applying for reimbursement. Both of these goals are understandable and admirable. However, Congress has created a well-developed statutory and judicial scheme for such

5

appeals, and it has not given federal district courts, such as this one, the jurisdiction to participate in it.  See *supra*.

Recognizing this impediment and anticipating Defendants' arguments, Plaintiffs filed their motion, attempting to show that this Court does have jurisdiction.  Their central argument is that beneficiary travel is a reimbursement, not a "benefit," and thus falls outside of the statutory scheme.  See, e.g., Pltfs.' Motion at 1 ("The evidence cited below proves the Defendants have failed in their affirmative defense because Beneficiary Travel is not a benefit subject to the VA Secretary's exclusive jurisdiction.").[4]  This argument, however, is inconsistent with the plain language of the statute, the purpose behind Congressional action to consolidate the appeals process, and case law that binds this Court.

Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1019 (9th Cir. 2012) ("VCS"), which Defendants amply cite, provides a good history of the statutory scheme of veterans

---

[4] Plaintiffs' reasoning in bringing their motion to, in essence, negate a jurisdictional defense appears to be that: if they show that Defendants – who have not yet filed an answer – cannot prove the only defense they expressly raised at the Federal Rule of Civil Procedure Rule 16 conference, then they are entitled to summary judgment on their claims.  Although this approach has logical appeal, it is not quite accurate since Defendants may still raise other defenses in their answer, and Plaintiffs must also prove their case to prevail on any constitutional claim.  However, the Court need not consider these issues beyond jurisdiction, because it finds that it has none to hear the case.

6

appeals, and forecloses Plaintiffs' arguments.  The Court here highlights some of the more important analysis and conclusions from that opinion.

In 1988, Congress passed the Veterans' Judicial Review Act, Pub. L. No. 100-687, div. A, 102 Stat. 4105 (1988) ("VJRA"), which is codified at various sections in Title 38.  One of Congress's primary goals in passing the VJRA was to limit the "judiciary's involvement in technical VA decision-making." VCS, 678 F.3d at 1021 (citation and internal quotation marks omitted). To this end, it made three changes that affected the courts' ability to hear veterans' appeals.  It: (1) created the United States Court of Appeals for Veterans Claims to handle all appeals from the BVA regarding VA benefits decisions ("Veterans Court"); (2) required all appeals from the Veterans Court to be heard by the Federal Circuit; and (3) limited judicial review by revising the statute stripping federal court jurisdiction, 38 U.S.C. § 511(a).  Id. at 1021-23.  Section 511(a) provides that: "The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."[5]

---

[5] There are only a few limited exceptions, which are not at issue in this case.  See § 511(b).

In VCS, the Ninth Circuit interpreted this scheme and statute to determine whether the district court had jurisdiction to review claims brought by veterans' rights groups challenging, *inter alia*, wait times for mental health care, adjudication of disability benefits, and the structure of regional claim procedures. In short, the Ninth Circuit held that it only had jurisdiction over the latter claims. Id. at 1026-35.

In reaching its conclusions, it created a general standard for determining whether a district court has jurisdiction over a VA claim: "we conclude that § 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." Id. at 1025 (citations and internal quotation marks omitted). Moreover, it rejected appeals of denials of benefits that plaintiffs might fashion to appear as constitutional claims as an end run around the jurisdictional limits. Id. at 1023 ("review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA . . . even if the veteran dresses his claim as a constitutional challenge" (citations omitted)). The court solely left open facial constitutional challenges to a federal statute regarding the scheme itself, and claims related

8

to procedures affecting adjudication of claims at the regional office level.  Id. at 1034.

Here, Plaintiffs' claims fall squarely within the exclusive domain of the Veterans Court, no matter how they are presented, and do not fit the exceptions.  Plaintiffs claim that: they were wrongly denied reimbursements – both prior to 2014, and for specific reimbursements during 2014; reimbursements were delayed; and the employees at the Hilo Facility were either not properly trained or not doing their jobs in advising Mr. Demoruelle.  The Ninth Circuit in VCS specifically found that federal district courts do not have jurisdiction over these types of claims.  Id. at 1023, 1025.

Moreover, the VCS Court explained, "[u]nder the VA's regulations, 'benefit' is defined as 'any payment, service, . . . or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors.'"  678 F.3d at 1026 (quoting 38 C.F.R. § 20.3(e)).  Contrary to Plaintiffs' arguments, the plain reading of this definition includes beneficiary travel reimbursements.  Further, the Ninth Circuit analyzed cases addressing denials of reimbursements in the same manner as the denial of other veterans' benefits.  See, e.g., id. at 1024 (analyzing Price v. United States, 228 F.3d 420, 422 (D.C. Cir. 2000), in which the D.C. Circuit found that

9

"§ 511 precluded the district court's jurisdiction to consider a veteran's claim for reimbursement of medical expenses"). This interpretation of the regulation is consistent with the goal of the VJRA in limiting federal court jurisdiction over benefit appeals. See id. at 1021.

Thus, this Court CONCLUDES that it does not have jurisdiction over Plaintiffs' claims. Consistent with the statutory scheme, Plaintiffs may bring their appeal before the Veterans Court.[6]

Since, pursuant to the VJRA, the Court does not have jurisdiction to consider Plaintiffs' claims, it GRANTS Defendants' Motion and DENIES Plaintiffs' Motion as MOOT.[7] The

---

[6] The Court offers no opinion on the merits of Plaintiffs' claims. However, there is some evidence in the record that Plaintiffs have failed to exhaust their administrative remedies, in particular, for all reimbursement prior to June 2014. [Pangelinan Decl. at ¶ 9.] The allegations in the Complaint related to the Hirono Letter appear to concede this failure as well. [Complaint at ¶¶ 28-29.]

[7] Moreover, the Court rejects Plaintiffs' other grounds for jurisdiction. The Administrative Procedure Act allows non-monetary suits against federal agents acting in their official capacity. See 5 U.S.C. § 702; see also, e.g., United States v. Park Place Assocs., Ltd., 563 F.3d 907, 929 (9th Cir. 2009). Similarly, 42 U.S.C. 1983 allows claims against officials acting under "color of state law," but does not apply to federal employees acting under color of federal law. See, e.g., Reiner v. Mental Health Kokua, No. CV 10-00340 DAE LEK, 2011 WL 322535, at *5 (D. Hawai`i Jan. 31, 2011) ("'§ 1983 provides no cause of action against federal agents acting under color of federal law'" (quoting Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995)). And the VJRA precludes lawsuits, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S.
(continued...)

Court thus DISMISSES the Complaint in its entirety for lack of jurisdiction.

The dismissal, however, is WITHOUT PREJUDICE. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)). Conceivably, Plaintiffs could amend their claims to state a claim against Defendants, over which this Court would have jurisdiction. However, their claims must fall within the narrow exceptions left open by VCS as to facial constitutional challenges of federal VA statutes or the implementation of VA procedures unrelated to their specific claims for beneficiary travel. Plaintiffs should consider whether they might best be served by asserting their claims from the Complaint, or similar ones related to the purported denial of their reimbursement claims, in a more appropriate court such as, for instance, the Veterans Court.

---

[7](...continued)
388 (1971), for money damages against agents acting under the color of federal law. Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995) ("The district court correctly held that a Bivens action was inappropriate in light of the comprehensive, remedial structure of the VJRA"). Thus, these arguments do not provide support for this Court's jurisdiction.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion, filed April 14, 2015, is HEREBY GRANTED, and Plaintiffs' Motion, filed March 9, 2015, is HEREBY DENIED AS MOOT. Since this Court does not have jurisdiction over the Complaint, it HEREBY DISMISSES the Complaint WITHOUT PREJUDICE. Plaintiffs shall have until **June 30, 2015** to file a second amended complaint, if they so choose. The Court CAUTIONS Plaintiffs that if they do not file their second amended complaint by **June 30, 2015**, the Court will DIRECT the Clerk's Office to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 29, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SANDRA LEE DEMORUELLE, ET AL. VS. WAYNE L. PFEFFER, ET AL.; CIVIL 14-00547 LEK-BMK; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS MOOT; AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE**