```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

SANDRA LEE DEMORUELLE and     )    CIVIL 14-00547 LEK-BMK
JOSEPH LOUIS DEMORUELLE,      )
                              )
         Plaintiffs,          )
                              )
    vs.                       )
                              )
WAYNE L. PFEFFER, BRANDON     )
YAMAMOTO, DAVID PANGELINAN,   )
LEWIS JOYNER, TONIA BAGBY,    )
ROBERT McDONALD, KATY SHEBESH )
and SHEILA CULLENS,           )
                              )
         Defendants.          )
_____ )
```

**ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND DISMISSING
<u>THE SECOND AMENDED COMPLAINT WITH PREJUDICE</u>**

On July 13, 2015, Defendants Wayne L. Pfeffer, Brandon Yamamoto, David Pangelinan, Lewis Joyner, Tonia Bagby, Robert McDonald, Katy Shebesh, and Sheila Cullens (collectively "Defendants") filed their Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion"). [Dkt. no. 63.] On July 27, 2015, pro se Plaintiffs Sandra Lee Demoruelle ("Ms. Demoruelle") and Joseph Louis Demoruelle ("Mr. Demoruelle," collectively "Plaintiffs") filed Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Defendants for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) Case 1:14-cv-00547-LEK-BMK Document 63 Filed 7/13/2015 ("Memorandum in Opposition"), and on September 4, 2015, Defendants filed their Reply. [Dkt. nos. 66, 68.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Defendants filed a motion to dismiss on April 14, 2015, [dkt. no. 47,] which this Court granted on May 29, 2015 [dkt. no. 59[1]]. On June 25, 2015, Plaintiffs filed their Second Amended Complaint. [Dkt. no. 61.] The relevant factual and procedural history is set forth in the 5/29/15 Order, and it is not necessary to repeat it here. In the Second Amended Complaint, Plaintiffs allege two counts of violations of their Fifth Amendment rights for (1) failure to provide notice and (2) failure to provide a hearing and a decision based on evidence. Plaintiffs submit that the instant suit asks only for the "application of the [Veterans Affairs ("VA")] law" and seeks "injunctive and declaratory judgment to redress the injury caused by the deprivation of their Constitutional Rights and to correct

---

[1] The Order Granting Defendants' Motion to Dismiss; Denying Plaintiffs' Motion for Summary Judgment as Moot; and Dismissing the Complaint Without Prejudice ("5/29/15 Order") is also available at 2014 WL 3463496.

the Defendants' unlawful administration of VA statutes, rules, regulations, policies and procedures thereby diminishing future State of Hawaii Veteran/Caregiver barriers to Federal Due Process Rights."  [Second Amended Complaint at ¶ 14.]

The Second Amended Complaint seeks the following remedies: "Declaratory Judgment providing a remedial effect to all Veterans and Caregivers in the State of Hawaii" for violations of "[]VA statutes" and the "Constitutional Due Process Right" to written decisions, [id. at ¶ 150;] declaratory judgment affirming VA's Pacific Islands Health Care System's ("PIHCS") "duty and obligation" to install travel reimbursement software at VA check-in kiosks, [id. at ¶ 151;] injunctive relief for the "wrongful conduct of the Defendants," [id. at ¶ 152;] "preliminary and then a permanent mandatory injunction" for the infringement of Plaintiffs' "Constitutional Right to Due Process" and "repair of past violations of the law" via issuance of decisions "on all Plaintiffs' past oral claims for reimbursement prior to June 2014," [id. at ¶ 155;] a preliminary injunction "to compensate the petitioners or issue a denial decision" on the costs related to Mr. Demoruelle's July 2014 colonoscopy, [id. at ¶ 157;] preliminary injunction seeking the processing of Plaintiffs' beneficiary travel reimbursement appeal; appointment of counsel; $1,000,000 in punitive damages from Defendant Wayne L. Pfeffer; punitive damages of $5,000 each from Defendants

Brandon Yamamoto, David Pangelinan, Lewis Joyner, and Tonia Bagby; $100,000 in punitive damages from Defendant Robert McDonald; $50,000 in punitive damages from Defendant Katie Shebesh; $10,000 in punitive damages from Defendant Sheila Cullens; attorneys' fees and costs; and any further relief the court deems appropriate [id. at ¶¶ 158, 163-169].

## DISCUSSION

In the 5/29/15 Order, this Court informed Plaintiffs that any subsequent amended complaint "must fall within the narrow exceptions left open by [Veterans for Common Sense v. Shinseki, 678 F.3d 1013 (9th Cir. 2012) ("VCS"),] as to facial constitutional challenges of federal VA statutes or the implementation of VA procedures unrelated to their specific claims for beneficiary travel."  [5/29/15 Order at 11.] Plaintiffs argue that, "[t]his being a Due Process deprivation, review of the instant case in no way involves the Court in complex aspects of VA policy or in any aspect of a benefits decision."  [Second Amended Complaint at ¶ 32 (footnotes omitted).]  Furthermore, Plaintiffs argue that their "claim is based upon the process of PIHCS administrative **procedures related to VJRA due process rights** (or acts or omissions), and is not 'on its face,' a benefits dispute, as the Defendants maintain." [Mem. in Opp. at 2 (emphasis in original).]

Plaintiffs have not cured the defects in the Amended Complaint.  It is clear to the Court that Plaintiffs' claims still "fall squarely within the exclusive domain of the Veterans Court, no mater how they are presented, and do not fit the exceptions."  See 5/29/15 Order at 9.  Plaintiffs claim that VA employees violated their constitutional rights by not following VA policies and procedures, mistakenly denied their repeated requests for travel reimbursement, denied their requests for reimbursement of costs related to Mr. Demoruelle's colonoscopy, and did not provide notice of decisions on these requests for reimbursement.[2]  In 1988 Congress passed the Veterans' Judicial Review Act ("VJRA"), which "expressly disqualified [district courts] from hearing cases related to VA benefits" and "conferred exclusive jurisdiction over such claims to the Veterans Court and the Federal Circuit."  VCS, 678 F.3d at 1023 (citations omitted). In VCS, the Ninth Circuit found that this provision of the VJRA, codified at 38 U.S.C. § 511, "precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the

---

[2] Plaintiffs cite Cushman v. Shinseki, 576 F.3d 1290 (Fed. Cir. 2009), to support their Due Process claim.  [Second Amended Complaint at ¶ 22.]  It is worth noting that in Cushman, the plaintiff filed his claim with the regional office of the Department of Veterans Affairs and sought review with the Board of Veterans' Appeals, the Court of Appeals for Veterans Claims, and, finally, the Federal Circuit.  Id. at 1294-95.  Thus, the jurisdictional defect here was not at issue in Cushman.

Secretary in the course of making benefit determinations." Id. at 1025 (internal citations and quotation marks omitted). Even though Plaintiffs "dress[] [their] claim as a constitutional challenge," id. at 1023 (citation omitted), "[a]t the heart of this matter, Plaintiffs' claim is an appeal of the denial of Mr. Demoruelle's benefits and an attempt to force VA employees to improve their support of veterans and their caregivers in applying for reimbursement." See 5/29/15 Order at 5; see also Recinto v. United States Dep't. of Veterans Affairs, 706 F.3d 1171, 1176 (9th Cir. 2012) (holding that review of the plaintiffs' due process claim "would necessarily require consideration of individual cases").

Plaintiffs' frustrations are understandable, their goals admirable, and their persistence commendable, but that does not change the fact that Congress has not given federal district courts, like this one, jurisdiction to hear this case. This Court makes no findings as to the merits of Plaintiffs' claims.

Pursuant to the VJRA, this Court does not have jurisdiction to consider Plaintiffs' claims. This Court has afforded Plaintiffs an opportunity to amend their complaint to state a claim over which this Court would have jurisdiction, and Plaintiffs were unable to do so. Any further opportunity to amend would be futile. This Court GRANTS Defendants' Motion and DISMISSES the Second Amended Complaint it its entirety WITH

PREJUDICE.  See Ciacci v. Hawaii Gov't, Civil No. 12-00511 JMS-KSC, 2012 WL 6697569, at *5 (D. Hawai`i Dec. 24, 2012) ("Given the history of this action . . . the court finds that granting Plaintiff leave to file a third amended complaint would be futile." (citing Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008))).

## CONCLUSION

On the basis of the foregoing, Defendants' Motion, filed July 13, 2015, is HEREBY GRANTED.  Since this Court does not have jurisdiction over the Second Amended Complaint, it HEREBY DISMISSES the Second Amended Complaint WITH PREJUDICE.  The Court DIRECTS the Clerk's Office to close this case on **October 16, 2015**, unless Plaintiffs file a motion for reconsideration of this Order by **October 12, 2015**.

DATED AT HONOLULU, HAWAII, September 25, 2015.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SANDRA LEE DEMORUELLE, ET AL. VS. WAYNE L. PFEFFER, ET AL; CV 14-00547 LEK-BMK; ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND DISMISSING THE SECOND AMENDED COMPLAINT WITH PREJUDICE**